UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO BEAMON,

                Plaintiff,

           -*against*-

GREEN CORRECTIONAL FACILITY and
STATE OF NEW YORK,

                Defendants.

**ORDER**

25-cv-7831 (ER)

Ramos, D.J.:

      Lorenzo Beamon, who resides in Kings County, brings this *pro se* action against the State of New York and the Greene Correctional Facility, a state prison located in Coxsackie, Greene County, New York, alleging he was assaulted by another inmate at the correctional facility while he was incarcerated. Doc. 1. Beamon asserts his claims for damages and injunctive relief pursuant to 42 U.S.C. § 1983. Doc. 1. Beamon initially pursued litigation in the New York Court of Claims and in the New York Supreme Court, Appellate Division, Third Department, but his appeal was dismissed.

      For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

      The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of America, N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426–27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the

forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-cv-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003)); *see also Lead Industries Association Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that the broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*).

Under Section 1404(a), transfer is appropriate in this case because the underlying events occurred within the Northern District of New York, where the Greene Correctional Facility is located. Accordingly, the Court transfers this action under Section 1404(a) to the United States District Court for the Northern District of New York.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this Court.

SO ORDERED.

Dated: September 30, 2025
       New York, New York

Edgardo Ramos, U.S.D.J.