UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LORENZO BEAMAN,

                       Plaintiff,

   v.                                           9:25-CV-1402
                                                (ECC/MJK)

STATE OF NEW YORK, et al.,

                       Defendants.

---

APPEARANCES:

LORENZO BEAMAN
Plaintiff, pro se
28 Oakland Place
Brooklyn, NY 11226

ELIZABETH C. COOMBE
United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff Lorenzo Beaman asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").[1]  Plaintiff has paid the filing fee for this action.

---

[1] Plaintiff commenced this action in the Southern District of New York and paid the required filing fee.  By Order entered on September 30, 2025, the Honorable Edgardo Ramos of the Southern District of New York directed

1

## II. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated

---

that this case be transferred to the Northern District of New York.  Dkt. No. 3.  Thereafter, this case was transferred to this District.  Dkt. No. 4.

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

    **B.**    **Summary of the Complaint**

The complaint asserts allegations of wrongdoing that occurred while plaintiff was incarcerated at Greene Correctional Facility. *See generally* Compl. The following facts are set forth as alleged by plaintiff in his complaint.[2]

On December 21, 2017, at approximately 10:40 p.m., plaintiff "was assaulted by inmate Williams . . . with a broom handle causing what appears to be serious physical injury[.]" Compl. at 3. Thereafter, plaintiff attempted to present his claims in state court but was "denied [his] legal right" to do so. *Id*. at 4.

It appears from documents attached to the complaint that plaintiff commenced a state court action in the New York Court of Claims regarding the alleged wrongdoing, which was dismissed on or about May 13, 2021. *See* Compl. at 8, 13, 35-36. It also appears that plaintiff filed a notice of appeal of the dismissal order, but never perfected his appeal, and as a result, the appeal was dismissed on December 13, 2021. *Id*. at 8, 35-36, 47; Dkt. No. 1-1 at 7. Plaintiff subsequently moved to vacate the dismissal of his appeal in August 2024, and that motion was denied on October 31, 2024. *Id*. at 17, 19, 47-48.

The complaint names Greene Correctional Facility and the State of New York as the only defendants. *See* Compl. at 1-2.

Liberally construed, the complaint asserts Eighth Amendment failure-to-protect claims against the defendants.

---

[2] Plaintiff has attached several documents to the complaint, which the Court has also considered as part of its sufficiency review. *See* Compl. at 8-49; Dkt. No. 1-1; Dkt. No. 1-2; Dkt. No. 1-3.

4

Plaintiff seeks money damages.  Compl. at 5.  For a more complete statement of plaintiff's claims, reference is made to the complaint.

**C.     Analysis**

"Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).  "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'"  *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

**1. Eleventh Amendment**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");  *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S.

89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint, *see generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

Eleventh Amendment immunity extends to state agencies, such as the New York State Department of Corrections and Community Supervision, and branches of state agencies, such as Greene Correctional Facility. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf,* 506 U.S. 139, 142-47 (1993); *McGinty v. New York,* 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of Section 1983 claims against DOCCS on Eleventh Amendment grounds); *Rivera v. Goord*, 119 F. Supp. 2d 327, 336 (S.D.N.Y. 2000) (defendant correctional facility immune from suit since it is a branch of a state agency, the Department of Corrections); *Simmons v. Gowanda Corr. Facility*, No. 13-CV-0647, 2013 WL 3340646, at *1

(W.D.N.Y. July 1, 2013) ("[T]he New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself."); *Millhouse v. New York State Dep't of Corr. Servs*., No. 9:09-CV-1297 (LEK/RFT), 2009 WL 10675929, at *3 (N.D.N.Y. Dec. 31, 2009) ("[A] state correctional facility, which has no separate legal existence, is generally referred to as a "branch" of DOCS and, as such, is immune from § 1983 liability.").

Accordingly, plaintiff's Section 1983 claims against the State of New York and Greene Correctional Facility are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted.

### 2. Timeliness

Although the complaint fails to state a claim against either of the named defendants, for the sake of clarity, the Court will also address timeliness issues with respect to plaintiff's claims. In Section 1983 actions, the applicable statute of limitations is the State's "general or residual statute for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations omitted). In New York, a three year statute of limitations applies for personal injury actions and thus to Section 1983 actions. *Id*.; *see also* N.Y. C.P.L.R. § 214(5). Although the statute of limitations is an affirmative defense, and must generally await a defense motion, dismissal is appropriate when the facts supporting the statute of limitations defense are set forth in the

7

papers that the plaintiff submits. *Messeroux v. Maimonides Medical Ctr.*, No. 11-CV-5343, 2013 WL 2414690, at *1 (E.D.N.Y. May 31, 2013) (citing *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (noting that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if an affirmative defense, such as the statute of limitations, "appears on the face of the complaint").

Federal law determines when a Section 1983 action accrues, which has been held to be the time "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted). Thus, in determining when a particular claim accrues, courts must focus on when "the plaintiff knows or has reason to know the injury which is the basis of his action." *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)). That is so even if "the full extent of the injury is not then known or predictable." *Fahs Const. Group, Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam).

A claim based on a use-of-force incident accrues "when the use of force occurred." *Fairley v. Collins*, No. 09-CV-6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011); *see also Calvin v. Fischer*, No. 9:12-CV-1846 (GLS/DEP), 2015 WL 13744631, at *3 (N.D.N.Y. Dec. 2, 2015) ("Plaintiff's failure-to-protect cause of action asserted against defendants accrued in this case on January 12, 2009, the date on which plaintiff alleges he was

assaulted by other prison inmates."), *report and recommendation adopted by* 2016 WL 830740 (N.D.N.Y. Mar. 3, 2016).

In this case, plaintiff's complaint is dated September 16, 2025.  *See* Compl. at 16. Thus, in the absence of some basis for tolling or disregarding the limitations period, plaintiff's Section 1983 claims, which are based on alleged events that occurred on December 21, 2017, i.e., more than seven years before September 16, 2025, are subject to dismissal as untimely asserted.  *See Abbas*, 480 F.3d at 640-41 (a District Court should not dismiss a complaint as time-barred without providing a pro se plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered timely.).

Plaintiff has alleged no facts implicating a continuing violation.  Rather, plaintiff's Section 1983 claims are based on a discrete event that was completed in December 2017.

Moreover, equitable tolling is only available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled.  *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005).  As the Second Circuit recognized in *Abbas*, New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action, and that he acted with due diligence throughout the period to be tolled.  *Abbas*, 480 F.3d at 642; *see also Gonzalez v. Hasty,* 651 F.3d 318, 322 (2d Cir. 2011) ("Equitable tolling

9

is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."). "[E]quitable tolling is [also] applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the PLRA." *Gonzalez*, 651 F.3d at 323. The plaintiff bears the burden of establishing equitable tolling. *Abbas*, 480 F.3d at 642.

Here, plaintiff does not "articulate[ ] any acts by defendants that prevented him from timely commencing suit." *Abbas*, 480 F.3d at 642. Insofar as plaintiff chose to initially litigate the alleged wrongdoing in state court, that step is not a form of exhaustion under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and the complaint is devoid of allegations which plausibly suggest that the state court action was expressly limited to claims grounded in state law. Thus, plaintiff's pursuit of remedies in state court does not create a basis for tolling or extending the limitations period related to his Section 1983 claims in this action. *See, e.g., Monroe v. Pape*, 365 U.S. 167, 183 (1961) ("The federal (Section 1983) remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."), *overruled on other grounds by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Meyer v. Frank*, 550 F.2d 726, 730 (2d Cir.1977), *cert. denied* 434 U.S. 830 (1977) (refusing to toll the statute of limitations in a § 1983 action during the period in which a plaintiff pursued an Article 78 proceeding and did not restrict his Article 78 petition to claims grounded in state law, thereby "sle[eping] on his [federal] rights in a very real sense"); *Williams v. Walsh*, 558 F.2d 667, 675 (2d Cir.1977) (citing *Meyer* and holding that tolling the

statue of limitations during the period in which a plaintiff litigated his claims in state court would "frustrate the policy of repose under which underlies statutes of limitations, a policy which ... is designed to protect defendants against the prosecution of stale claims and to protect the courts from having to decide the merits of such claims when the plaintiff has slept on his rights."); *Cancel v. Mazzuca*, No. 01-CV-3129, 2003 WL 1702011, at *3 (S.D.N.Y. Mar. 28, 2003) ("[W]e find no reason to toll the statute of limitations during the period which Mr. Cancel pursued his Article 78 proceeding, as he did not ground his state court action solely on state law and has apparently "slept on his [federal] rights" with respect to this defendant."); *Abbas v. Dixon*, No. 02-CV-0809, 2004 WL 2202640, at *3 (W.D.N.Y. Sept. 30, 2004) ("New York's rules for tolling the statute of limitations do not encompass the period in which a litigant elects to pursue a state court action challenging the violation of his constitutional rights."), *report and recommendation adopted by* 2004 WL 2403769 (W.D.N.Y. Oct. 25, 2004), *aff'd*, 480 F.3d 636 (2d Cir. 2007).

     Furthermore, even if the Court were to assume a basis for tolling the limitations period based on the state court action, plaintiff's appeal of the dismissal order in that action was dismissed on December 13, 2021, i.e., more than three years before this action was commenced. The fact that plaintiff belatedly tried to revive that action by moving to vacate the dismissal of his appeal more than two years later does not change the date that the matter was finally resolved for tolling purposes. *See, e.g., Micciche v. Kemper Nat'l Services*, 560 F. Supp. 2d 204, 214 (E.D.N.Y. 2008) ("Plaintiff cannot continue extending the accrual

date [of his ERISA claim] merely by requesting repeated reconsideration from the plan administrator or the insurer") (internal quotation marks omitted); *Lewis v. Rosenfeld*, 145 F. Supp. 2d 341, 347 (S.D.N.Y. 2001) (where limitations period began to run when dismissal of prior lawsuit in state court became "final," plaintiff could not indefinitely extend the limitations period by filing successive discretionary appeals in state court).

Accordingly, plaintiff's Section 1983 claims are also dismissed as untimely.

### D. Nature of Dismissal

Based upon the foregoing, and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff's claims against the defendants are dismissed pursuant to 28 U.S.C. § 1915A(b) on immunity grounds, and as untimely filed. While it does not appear from the face of plaintiff's complaint that he will be able to adequately plead that he suffered a violation of his constitutional rights within the limitations period, the Court will nonetheless afford him an opportunity to submit an amended complaint against one or more proper defendants. *See Abbas*, 480 F.3d at 640.

Any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts plaintiff relies on in support of his claims that one or more state actors violated his constitutional rights and that his claims against such defendants are timely; i.e., that either the "continuing violation doctrine" or "the equitable tolling doctrine" is applicable to his claims. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading

12

which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

Plaintiff is advised that his failure to file an amended complaint within thirty (30) days of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims against the State of New York and Greene Correctional Facility are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted;[3] and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file an amended complaint within thirty (30) days of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

---

[3] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011). Because these claims are barred by the Eleventh Amendment, leave to amend to would be futile.

**ORDERED** that in the event plaintiff fails to file a signed amended complaint within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  October 31, 2025

      Syracuse, NY

Elizabeth C. Coombe
U.S. District Judge