UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LORENZO BEAMAN,

                Plaintiff,

  v.                                  9:25-CV-1402 (ECC/MJK)

STATE OF NEW YORK, et al.,

                Defendants.

---

APPEARANCES:

LORENZO BEAMAN
Plaintiff, pro se
28 Oakland Place
Brooklyn, NY 11226

ELIZABETH C. COOMBE
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiff Lorenzo Beaman commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), and paying the required filing fee in full. Dkt. No. 1 ("Compl.").[1] By Decision and Order entered on October 31, 2025, the Court reviewed the complaint in accordance with 28 U.S.C. § 1915A(b) and dismissed plaintiff's Section 1983 claims without prejudice as barred by the Eleventh Amendment, and for failure

---

[1] Plaintiff commenced this action in the Southern District of New York. By Order entered on September 30, 2025, the Honorable Edgardo Ramos of the Southern District of New York directed that this case be transferred to the Northern District of New York. Dkt. No. 3. Thereafter, this case was transferred to this District. Dkt. No. 4.

1

to state a claim upon which relief may be granted.  Dkt. No. 5 ("October 2025 Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 12-14.

Presently before the Court is plaintiff's amended complaint and supplemental supporting documents.  Dkt. No. 6 ("Am. Compl."); Dkt. No. 7 ("Supplemental Submission").

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   The Complaint and October 2025 Order

In his complaint, plaintiff asserted claims against the State of New York and Greene Correctional Facility based on allegations that he was assaulted by a fellow inmate while incarcerated at Greene Correctional Facility on December 21, 2017.  *See* Compl. at 3-4

The complaint was construed to assert Eighth Amendment failure-to-protect claims against the named defendants.  *See* October 2025 Order at 4.

After reviewing the allegations in the complaint for sufficiency, the Court dismissed plaintiff's Section 1983 claims as barred by the Eleventh Amendment, and untimely.  *See* October 2025 Order at 5-14.

### B.   Review of the Amended Complaint

The Court previously relied on 28 U.S.C. § 1915A(b) for its screening of the complaint because the pleading asserts allegations of wrongdoing that occurred during plaintiff's incarceration.  *See* Compl. at 2-6; Dkt. No. 1-1 at 35-40.[2]  The Court, however, also has the inherent authority to ensure that plaintiff has standing to pursue his claims, that subject matter jurisdiction exists, and that a case is not frivolous.  *See Rolle v. Berkowitz*, No. 03-CV-7120, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) ("[C]ourts within the Second Circuit

---

[2]  Plaintiff was not incarcerated when he commenced this action.

2

have not hesitated to dismiss sua sponte claims brought by fee-paying pro se plaintiffs when it is clear such claims 'presen[t] no arguably meritorious issue for [the courts'] consideration.'" (quoting *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir.1995) (holding appellate court has authority to sua sponte dismiss a frivolous appeal brought by a fee-paying pro se plaintiff))); *Cummings v. Giuliani*, No. 00-CV-6634, 2000 WL 1597868, at * 2-3 (S.D.N.Y. Oct. 24, 2000) (dismissing sua sponte fee-paying pro-se plaintiff's §§ 1981, 1983 and 1985 claims that were clearly time-barred) (citing *Pillay*); *Cook v. Sullivan Cnty. Fam. Ct. of New York State Unified Ct. Sys.*, No. 24-CV-03874, 2024 WL 3106248, at *2 (S.D.N.Y. June 20, 2024) (same); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee."); *Muller v. Costello*, No. 94-CV-842, 1996 WL 191977, at *2 (N.D.N.Y. Apr. 16, 1996) ("Federal courts are under an independent obligation to examine their own subject matter jurisdiction." (citing *U.S. v. Hayes*, 115 S. Ct. 2431, 2435 (1995)); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it sua sponte because it affects our subject matter jurisdiction."); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

    The amended complaint is identical to the original complaint, with the exception of a caption change. *Compare* Compl. *with* Am. Compl. Indeed, even the signature date on both pleadings is the same. Moreover, while plaintiff has filed additional documentation with his amended complaint related to his state court action and communications with the state court and his former attorney, *see* Dkt. Nos. 6-1, 6-2, 7, none of these filings present a basis for tolling the applicable limitations period by more than four years, or finding that the Eleventh

3

Amendment's jurisdictional bar is inapplicable to plaintiff's Section 1983 claims against the State of New York and Greene Correctional Facility.

Accordingly, and for the reasons set forth in the October 2025 Order, plaintiff's Section 1983 claims are dismissed as untimely, and for lack of subject matter jurisdiction. *See, e.g., Collins v. Unified Ct. Sys. of New York*, No. 91-CV-349, 1991 WL 111218, at *1 (N.D.N.Y. June 17, 1991) ("The complaint is frivolous; the court has seen essentially the same allegations made in the prior two suits; additionally, much of the complaint is barred by virtue of the applicable limitations period (three years), or by the 11th Amendment or by the doctrine of absolute judicial immunity."), *aff'd sub nom. Collins v. Unified Ct. Sys. NY*, 962 F.2d 3 (2d Cir. 1992); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (action frivolous where "factual contentions are clearly baseless," as when "the claim is based on an indisputably meritless legal theory," e.g., where "a dispositive defense clearly exists on the face of the complaint"); *Cummings v. Giuliani*, No. 00-CV-6634, 2000 WL 1597868, at *2-3 (S.D.N.Y. Oct. 24, 2000) (dismissing sua sponte fee-paying pro se plaintiff's claims that were clearly time-barred); *Islam v. Melisa*, No. 18-CV-2535, 2020 WL 1452463, at *12 (E.D.N.Y. Mar. 24, 2020) ("The Court construes Islam as naming Dr. Melisa Jn. Pierre as a defendant in this action and dismisses Islam's claims against her as frivolous because they are clearly time-barred, . . . having been brought over four years after Islam last interacted with Dr. Melisa[.]"); *Castro v. United Sec. Inc.*, No. 10-CV-6152, 2011 WL 4916402, at *3 (S.D.N.Y. Oct. 17, 2011) ("[C]ourts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." (citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (finding sua sponte dismissal of section 1983 claim based on statute of limitations "especially appropriate where

... the injuries complained of [by the pro se plaintiff] occurred more than five years before the filing of the Complaint").

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** with prejudice.  The Clerk is directed to terminate the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  January 22, 2026

    Syracuse, NY

Elizabeth C. Coombe
U.S. District Judge

5